Christopher Lundberg, OSB No. 94108
clundberg@hk-law.com
Matthew E. Malmsheimer, OSB No. 03384
mmalmsheimer@hk-law.com
HAGLUND KELLEY HORNGREN JONES & WILDER LLP
101 S.W. Main Street, Suite 1800
Portland, Oregon 97204-3226
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

**TALIA HINMAN** and **MELINDA HINMAN**, individuals

    Plaintiffs,

    v.

**JOHN ALDEN LIFE INSURANCE COMPANY,** a Minnesota corporation, dba **ASSURANT HEALTH**

    Defendant.

No.  3:08-CV-01070-PK

**DECLARATION OF MATTHEW E. MALMSHEIMER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

_____

I, Matthew E. Malmsheimer declare and state as follows:

1.    I am one of the attorneys of record representing plaintiff in this case and I make these statements with personal knowledge.

2.    As Exhibit 1 to this declaration, I attach true and correct copies of records

Page 1 -    **DECLARATION OF MATTHEW E. MALMSHEIMER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
One Main Place
101 S.W. Main Street, Suite 1800
Portland, OR 97204-3226
503.225.0777 / f 503.225.1257

F:\MEM\j3187.wpd

demonstrating that Assurant Health is a trade name utilized by defendant John Alden Life Insurance Company in the marketing of certain insurance products.

3. As Exhibit 2 to this declaration, I attach true and correct copies of excerpts from the Certificate of Group Insurance and Insurance Policy with John Alden Life Insurance Company that covered plaintiff Talia Hinman.

4. As Exhibit 3 to this declaration, I attach true and correct copies of the Level I Appeal of John Alden's denial of coverage for the treatment for Ms. Hinman's Lyme Disease the "Level I Appeal").

5. As Exhibit 4 to this declaration, I attach a true and correct copy of the Level II Appeal of John Alden's denial of coverage for the treatment for Ms. Hinman's Lyme Disease (the "Level II Appeal").

6. As Exhibit 5 to this declaration, I attach true and correct copies of excerpts from the medical records originally submitted in support of the Level I and Level II Appeals.

7. As Exhibit 6 to this declaration, I attach a true and correct copy of a letter written by Ms. Hinman's treating physician Christine Green, M.D., originally submitted in support of the Level I and Level II Appeals.

8. As Exhibit 7 to this declaration, I attach a true and correct copy of a letter written by Ms. Hinman's treating physician Christine Green, M.D., originally submitted in support of the Level II Appeal.

9. As Exhibit 8 to this declaration, I attach a true and correct copy of defendant's medical policy related to Lyme Disease.

Page 2 -     **DECLARATION OF MATTHEW E. MALMSHEIMER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
One Main Place
101 S.W. Main Street, Suite 1800
Portland, OR 97204-3226
503.225.0777 / f 503.225.1257

F:\MEM\j3187.wpd

10. As Exhibit 9 to this declaration, I attach a true and correct copy of a letter from Assurant Health dated September 15, 2005 in which defendant denies coverage of treatment for Ms. Hinman's Lyme Disease on the ground that it is "experimental."

11. As Exhibit 10 to this declaration, I attach a true and correct copy of a letter from defendant dated March 15, 2006 denying Ms. Hinman's Level I Appeal.

12. As Exhibit 11 to this declaration, I attach a true and correct copy of a letter dated November 6, 2007 denying Ms. Hinman's Level II Appeal.

13. The following Exhibits were originally submitted in support of Ms. Hinman's Level II Appeal:

14. As Exhibit 12 to this declaration, I attach a true and correct copy of the article Deborah A. Metzger, Late Stage Lyme Disease: Arguments for an Individualized Approach, in which Dr. Metzger concludes that treatment must be individually tailored to each patient and that the science supports the conclusion that treatment of late stage Lyme Disease is appropriate.

15. As Exhibit 13 to this declaration, I attach a true and correct copy of the article Lorraine Johnson and Raphael B. Stricker, Treatment of Lyme Disease: A Medicolegal Assessment, EXPERT REV. ANTI-INFECT. THER. 2(4): 533-57 (2004), that documents the medical community's support of Dr. Green's diagnostic and treatment approach.

16. As Exhibit 14 to this declaration, I attach a true and correct copy of the International Lyme and Associated Diseases Society, Evidence-Based Guidelines for the Management of Lyme Disease, EXPERT REV. ANTI-INFECT. THER. 2(1 Supp): 1-13 (2004).

17. As Exhibit 15 to this declaration, I attach a true and correct copy of excerpts from

Page 3 -    **DECLARATION OF MATTHEW E. MALMSHEIMER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
One Main Place
101 S.W. Main Street, Suite 1800
Portland, OR 97204-3226
503.225.0777 / f 503.225.1257

F:\MEM\j3187.wpd

the Centers for Disease Control Case Definition for Infectious Conditions Under Public Health Surveillance, Lyme Disease (*Borrelia burgdorferi*) indicating that the criteria used by defendant as a basis to exclude coverage of Ms. Hinman's Lyme Disease "is not intended to be used in clinical diagnosis" and that support Dr. Green's diagnosis of late-stage Lyme disease.

18.     As Exhibit 16 to this declaration, I attach a true and correct copy of the article, Nick S. Harris, <u>An Understanding of Laboratory Testing for Lyme Disease</u>, J. OF SPIROCHETAL AND TICK-BORNE DIS. 5: 16-26 (1998) indicating that medical consensus shows that the criteria used by defendant in assessing Ms. Hinman's Lyme Disease should not be used as a criteria for diagnosis of individual patients.

19.     As Exhibit 17 to this declaration, I attach a true and correct copy of the clinical study, Raphael B. Stricker, <u>Counterpoint: Long-Term Antibiotic Therapy Improves Persistent Symptoms Associated with Lyme Disease</u>, CLIN. INFECT. DIS. 45(1): 149-57 (2007), that concludes that long term antibiotic therapy improves persistent symptoms associated with Lyme Disease.

20.     As Exhibit 18 to this declaration, I attach a true and correct copy of an abstract for the article, J. Oksi et al., <u>Comparison of oral cefixime and intravenous ceftriaxone followed by oral amoxicillin in disseminated Lyme borreliosis</u>, EUR. J. CLIN. MICROBIOL. INFECT. DIS. 17(10): 715-19 (1998), indicating that antibiotic treatment for a period of three to four months is beneficial in Lyme Disease patients like Ms. Hinman.

21.     As Exhibit 19 to this declaration, I attach a true and correct copy of the article, Phillips S. Bransfield et al., <u>Evaluation of Antibiotic Treatment in Patients with Persistent</u>

Page 4 -     **DECLARATION OF MATTHEW E. MALMSHEIMER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
One Main Place
101 S.W. Main Street, Suite 1800
Portland, OR 97204-3226
503.225.0777 / f 503.225.1257

F:\MEM\j3187.wpd

Symptoms of Lyme Disease: An ILADS Position Paper (2003), that concludes that medical research demonstrates that extended treatment with antibiotics can be "remarkably beneficial for patients with late-stage Lyme disease."

22.     As Exhibit 20 to this declaration, I attach a true and correct copy of the article, David C. Owen, Is Lyme Disease Always Poly Microbial? - The Jigsaw Hypothesis, MED. HYPOTHESES 67(4): 860-64 (2006).

23.     As Exhibit 21 to this declaration, I attach a true and correct copy of a map published by the American Lyme Disease Foundation showing that areas where Ms. Hinman frequently traveled put her at risk of exposure to Lyme disease ticks.

24.     As Exhibit 22 to this declaration, I attach a true and correct copy of Lyme disease statistics published by the Oregon Department of Human Services listing the reported cases in Oregon by county of residence and year of onset from 1994 through 2003.

25.     As Exhibit 23 to this declaration, I attach a true and correct copy of a Center for Disease Control web page that states that surveillance of case definitions should not be used as the sole criteria for, among other things, determining standard of care, establishing clinical diagnoses, or providing standards for reimbursement.

26.     As Exhibit 24 to this declaration, I attach a true and correct copy of the abstract of the article, M.H. Ziska et al., Physician Preferences in the Diagnosis and Treatment of Lyme Disease in the United States, INFECTION 24(2): 182-86 (1996), which concludes that nearly 57% of responding physicians treated persistent Lyme disease for three months or more.

Page 5 -     **DECLARATION OF MATTHEW E. MALMSHEIMER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
One Main Place
101 S.W. Main Street, Suite 1800
Portland, OR 97204-3226
503.225.0777 / f 503.225.1257

F:\MEM\j3187.wpd

27. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 7th day of May, 2009.

        /s/ Matthew E. Malmsheimer
        Matthew E. Malmsheimer

Page 6 -   **DECLARATION OF MATTHEW E. MALMSHEIMER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
One Main Place
101 S.W. Main Street, Suite 1800
Portland, OR 97204-3226
503.225.0777 / f 503.225.1257

F:\MEM\j3187.wpd