**SAMUEL K. ANDERSON**, Oregon State Bar ID Number 035060
Internet E-mail address: sanderson@davisrothwell.com
**DAVIS ROTHWELL EARLE & XOCHIHUA P.C.**
111 Southwest Fifth Avenue, Suite 2700
Portland, Oregon 97204
Telephone:  (503) 222-4422
Facsimile:  (503) 222-4428

**JOSHUA BACHRACH,** *pro hac vice* **application to be submitted**
Internet E-mail address: joshua.bachrach@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKLER, LLP**
Independence Square West
The Curtis Center, Suite 1130 East
Philadelphia, PA 19106-3308
Telephone: (215) 627-6900
Facsimile:  (215) 627-2665

Attorneys for Defendant John Alden Life Insurance Company dba Assurant Health

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **TALIA HINMAN** and **MELINDA HINMAN**, | No. CV-08-1070 PK |
| Plaintiff, | DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS PURSUANT TO L.R. 56.1(a)(2) |
| v. | |
| **JOHN ALDEN LIFE INSURANCE COMPANY** d/b/a **ASSURANT HEALTH,** | |
| Defendant. | |

Defendant John Alden Life Insurance Company (hereinafter, "Defendant" or

"John Alden Life") submits the following Concise Statement of Material Facts in support of its

///

Page 1 -   DEFENDANT'S CONCISE STATEMENT OF
           MATERIAL FACTS PURSUANT TO
           **L.R. 56.1(a)(2)**          L:\18\HINMAN\PLD\concise statement.wpd

Opposition to Plaintiffs' Motion for Summary Judgment and in support of Defendant's Cross-Motion for Summary Judgment as follows:

1. Plaintiff Melinda Hinman was insured under a health insurance policy issued by John Alden Life Insurance Company to Hinman Orchard.

2. The group policy provided dependent coverage for the insured's daughter, Talia Hinman. (Declaration of Samuel K. Anderson, Ex. A, p. 1 and 5).

3. The Plan provides coverage for medical charges as follows:

> Covered Medical Charges
>
> Medically necessary charges which meet all provisions of this Certificate and the Group Policy and are, therefore, eligible for benefits under this Certificate.

(Declaration of Samuel K. Anderson, Ex. A, p. 15).

4. The Plan defines "Medically Necessary" as:

> A service or supply that We determine, at Our discretion, to be:
>
> 1. necessary for the symptoms and diagnosis or treatment of the Illness or Injury;
>
> 2. provided for the diagnosis, or the direct care and treatment, of the Illness or Injury;
>
> 3. in accordance with generally accepted medical practice;
>
> 4. not in excess of that level of care that is needed to provide safe, adequate and appropriate diagnosis or medical treatment;
>
> 5. not for convenience purposes (for example, the use of a brace to enable skiing or playing basketball);

Page 2 - DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS PURSUANT TO L.R. 56.1(a)(2)    L:\18\HINMAN\PLD\concise statement.wpd

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
111 SW Fifth Avenue, Suite 2700
Portland, Oregon 97204-3650
Telephone (503) 222-4422 • Facsimile (503) 222-4428

      6.  the most appropriate level of medical care the Insured Person needs;

      7.  furnished within the framework of generally accepted methods or medical management currently used in the United States;

      8.  not Experimental or Investigational as defined in this Certificate; and

      9.  not for Maintenance Care as defined in this Certificate.

(Declaration of Samuel K. Anderson, Ex. A, p. 20).

      5.      The Plan contains an exclusion for services or supplies which are Experimental or Investigational. The Plan defines "Experimental or Investigational" as follows:

Experimental or Investigational

A service or supply is Experimental or Investigational when We determine that it is:

      1.  not of proven benefit for the particular diagnosis or treatment of a particular condition, as established by any of the reference compendia cited below; or

      2.  not generally recognized by the medical community as effective or appropriate for the particular diagnosis or treatment of a particular condition; or

      3.  provided or performed in special settings for research purposes or under a controlled environment or clinical protocol.

(Declaration of Samuel K. Anderson, Ex. A, p. 16).

      6.      The Plan also provides for the following criteria:

We will apply the following five criteria in determining whether services or supplies are Experimental or Investigational:

Page 3 -  DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS PURSUANT TO L.R. 56.1(a)(2)    L:\18\HINMAN\PLD\concise statement.wpd

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
111 SW Fifth Avenue, Suite 2700
Portland, Oregon 97204-3650
Telephone (503) 222-4422 • Facsimile (503) 222-4428

1. Any medical device, drug, or biological product must have received final approval to be marketed by the FDA for the particular diagnosis or condition. Any other approval granted as an interim step in the FDA regulatory process, e.g., an Investigational Device Exemption or an Investigational New Drug Exemption, is not sufficient. Once FDA approval has been granted for a particular diagnosis or condition, use of the medical device, drug or biological product for another diagnosis or condition will require that one or more of the following established reference compendia recognize the usage as appropriate medical treatment:

    a. The American Medical Association Drug Evaluations;
    b. The American Hospital Formulary Service Drug Information; or
    c. The United States Pharmacopeia Drug Information.

As an alternative to such recognition in one or more of the compendia, the usage of the drug will be recognized as appropriate if it is recommended by a clinical study and recommended by a review article in a major peer-reviewed professional journal. A medical device, drug or biological product that meets the above tests will not be considered Experimental or Investigational.

In any event, any drug which the FDA has determined to be contraindicated for the specified treatment for which the drug has been prescribed will be considered Experimental or Investigational;

2. Conclusive evidence from the published peer-reviewed medical literature must exist that the technology has a definite positive effect on health outcomes; such evidence must include well-designed investigations that have been reproduced by non-affiliated authoritative sources, with measurable results, backed up by the positive endorsements of national medical bodies or panels

Page 4 -   DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS PURSUANT TO L.R. 56.1(a)(2)   L:\18\HINMAN\PLD\concise statement.wpd

      regarding scientific efficacy and rationale;

      3.   Demonstrated evidence as reflected in the published peer-reviewed medical literature must exist that, over time, the technology leads to improvement in health outcomes, i.e., the beneficial effects outweigh any harmful effects;

      4.   Proof as reflected in the published peer-reviewed medical literature must exist that the technology is at least as effective in improving health outcomes as established technology, or is usable in appropriate clinical contexts in which established technology is not employable; and

      5.   Proof as reflected in the published peer-reviewed medical literature must exist that improvements in health outcomes, as defined in item 3 above, is possible in standard conditions of medical practice, outside clinical investigatory settings.

(Declaration of Samuel K. Anderson, Ex. A, p. 16-17).

      7.      On September 15, 2005, Defendant notified Ms. Hinman that the treatment she received from Dr. Christine Green, M.D., was experimental and investigational and was, therefore, not a covered service. (Declaration of Samuel K. Anderson, Ex. A, p. 58).

      8.      The decision was based on the fact that the medical records do not support a diagnosis of Lyme disease because, among other things, there was no documentation of tick exposure, the Lyme Western Blot test did not support a diagnosis of Lyme disease, and there was no history of recurrent exposure which would necessitate a repeat of the Western Blot test. Also, the extended antibiotic treatment is considered experimental/investigational. (Declaration of Samuel K. Anderson, Ex. A, p. 58-59).

///

Page 5 -   DEFENDANT'S CONCISE STATEMENT OF
            MATERIAL FACTS PURSUANT TO
            L.R. 56.1(a)(2)    L:\18\HINMAN\PLD\concise statement.wpd

9. Plaintiffs appealed John Alden Life's determination on or about February 27, 2006. (Declaration of Samuel K. Anderson, Ex. A, p. 61-76).

10. After a thorough review of Plaintiffs' appeal, including an assessment of the claim by a Board Certified physician, John Alden Life upheld its previous determination. (Declaration of Samuel K. Anderson, Ex. A, p. 91).

11. On or about July 31, 2007, Plaintiffs submitted a second appeal.

12. Via letter dated November 6, 2007, John Alden Life again upheld its determination.

13. During the second appeal, the records were reviewed by a second physician who was Board certified in Internal Medicine and Infectious Disease. (Declaration of Samuel K. Anderson, Ex. A, p. 92).

14. The expert determined that Ms. Hinman did not have Lyme disease in *any stage* because, among other things, her Western Blot test was negative and the record lacked evidence of tick exposure or history of erythema migrans. (Declaration of Samuel K. Anderson, Ex. A, p. 92).

15. Accordingly, the treatment was deemed not medically necessary by the physician. (Declaration of Samuel K. Anderson, Ex. A, p. 92).

16. The expert stated that even if Ms. Hinman had a conclusive diagnosis of Lyme disease, there exists no evidence based medicine that antibiotic treatment longer than one month has any improvement in the outcome of the patient. (Declaration of Samuel K. Anderson, Ex. A, p. 92).

Page 6 -   DEFENDANT'S CONCISE STATEMENT OF
           MATERIAL FACTS PURSUANT TO
           L.R. 56.1(a)(2)   L:\18\HINMAN\PLD\concise statement.wpd

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
111 SW Fifth Avenue, Suite 2700
Portland, Oregon 97204-3650
Telephone (503) 222-4422 • Facsimile (503) 222-4428

17. The expert noted that the studies submitted by Plaintiffs in support of their appeal did not contradict his opinion. In fact, the best-conducted study presented by Plaintiffs concluded that there was "no beneficial treatment effect of prolonged treatment." Therefore, the study did *not* support the use of antibiotic therapy with patients that are "Post Lyme Syndrome" as plaintiff was alleged to have been. (Declaration of Samuel K. Anderson, Ex. A, p. 91).

18. Therefore, pursuant to the Plan, John Alden Life concluded that this course of treatment is experimental/investigational, as it did not meet the criteria that would exempt it from this exclusion in the Plan.

DATED this 8th day of June, 2009.

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**

By  /s/ Samuel K. Anderson
**SAMUEL K. ANDERSON, OSB # 035060**
(503) 222-4422
Attorneys for Defendant John Alden Life Insurance Company dba Assurant Health

Page 7 -   DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS PURSUANT TO L.R. 56.1(a)(2)   L:\18\HINMAN\PLD\concise statement.wpd

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
111 SW Fifth Avenue, Suite 2700
Portland, Oregon 97204-3650
Telephone (503) 222-4422 • Facsimile (503) 222-4428