**SAMUEL K. ANDERSON**, Oregon State Bar ID Number 035060
Internet E-mail address:  sanderson@davisrothwell.com
**DAVIS ROTHWELL EARLE & XOCHIHUA P.C.**
111 Southwest Fifth Avenue, Suite 2700
Portland, Oregon 97204
Telephone:  (503) 222-4422
Facsimile:  (503) 222-4428

**JOSHUA BACHRACH,** *pro hac vice* **application to be submitted**
Internet E-mail address: joshua.bachrach@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKLER, LLP**
Independence Square West
The Curtis Center, Suite 1130 East
Philadelphia, PA 19106-3308
Telephone: (215) 627-6900
Facsimile:  (215) 627-2665

Attorneys for Defendant John Alden Life Insurance Company dba Assurant Health

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **TALIA HINMAN** and **MELINDA HINMAN**, | No. CV-08-1070 PK |
| Plaintiff, | |
| v. | **DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| **JOHN ALDEN LIFE INSURANCE COMPANY** d/b/a **ASSURANT HEALTH,** | |
| Defendant. | |

Defendant John Alden Life Insurance Company (hereinafter "Defendant" or "John Alden Life") has filed a separate Memorandum of Law in Support of its Cross-Motion for

Page 1 -   DEFENDANT'S MEMORANDUM OF LAW IN
           OPPOSITION TO  PLAINTIFFS' MOTION FOR
           SUMMARY JUDGMENT    L:\18\HINMAN\PLD\mm opp MSJ.wpd

Summary Judgment which is incorporated herein by reference. In this brief, Defendant will explain why none of the arguments raised by Plaintiffs supports this claim for health benefits. As other courts have concluded, long-term antibiotic treatment for Lyme disease is experimental. This Plan contains a clear exclusion for experimental treatment. Therefore, the denial of this claim cannot be considered arbitrary and capricious.

I.    **RESPONSE TO PLAINTIFFS' FACTS**[1]

A full discussion of Plaintiff's medical history is contained in Defendant's Memorandum of Law in support of its Motion for Summary Judgment. Ms. Hinman complained about a number of symptoms, including hip pain, low back and neck pain, nausea, dizziness, trouble concentrating and gastrointestinal problems. (Declaration of Samuel K. Anderson, Ex. A, p. 77 and 89). Dr. Green diagnosed Ms. Hinman with Lyme disease. However, this diagnosis is not established. As one doctor explained, Ms. Hinman's "clinical symptoms might occur with a wide variety of conditions." (Declaration of Samuel K. Anderson, Ex. A, p. 90). Moreover, there was no "documentation showing an erythema migrant rash" and her "clinical course is quite atypical for Lyme disease." (Declaration of Samuel K. Anderson, Ex. A, p. 90 and 92). Additionally, the "serologist tests do not meet the recommended criteria for positivity." Declaration of Samuel K. Anderson, Ex. A, p. 90). For example, her Western Blot test was negative for exposure to Lyme disease. (Declaration of Samuel K. Anderson, Ex. A, p. 92).

At issue in this case is long-term intravenous antibiotic treatment administered to

---

[1] For ease of reference both to the parties and the Court, Defendant produced a numbered copy of the Administrative Record. For unknown reasons, Plaintiffs failed to use those numbers when referencing documents from the Record, making it extremely burdensome for Defendant to identify Plaintiffs' exhibits. For numerous other statements, Plaintiffs fail to even identify any source in the Record.

Page 2 -    DEFENDANT'S MEMORANDUM OF LAW IN
            OPPOSITION TO PLAINTIFFS' MOTION FOR
            SUMMARY JUDGMENT    L:\18\HINMAN\PLD\mm opp MSJ.wpd

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
111 SW Fifth Avenue, Suite 2700
Portland, Oregon 97204-3650
Telephone (503) 222-4422 • Facsimile (503) 222-4428

Ms. Hinman by Dr. Green in late 2004. Dr. Green is not a specialist in Lyme disease. She is a Family Practice doctor.[2] More important, the treatment provided by Dr. Green is experimental as that term is defined in the Plan because there is no "evidence based medicine that treatment for longer than one month (as was provided) has any improvement in outcome." (Declaration of Samuel K. Anderson, Ex. A, p. 92). Plaintiffs rely on certain articles and studies as supporting their argument that this treatment is not experimental. However, most were based on animal models. (Declaration of Samuel K. Anderson, Ex. A, p. 92). A specialist, Dr. Brusch, who reviewed the medical literature at the request of Defendant found that only one article was relevant because it represented the "best-conducted study that was submitted" and involved a double clinical trial. (Declaration of Samuel K. Anderson, Ex. A, p. 92). Significantly, that study concluded that there was "no beneficial treatment effect of prolonged treatment upon cognitive function or the laboratory measurements of persistent infection." Declaration of Samuel K. Anderson, Ex. A, p. 92). Therefore, the study did not support the claim for benefits.

      Plaintiffs argue that Dr. Brusch, the specialist mentioned above, inserted additional criteria into the "experimental" definition in the Plan by dismissing the clinical trials relied on by plaintiffs because they were not conducted on humans. This argument is misplaced. First, the fact that these studies were performed on animals and not humans supports Defendant's position that this treatment is still in its experimental stage, in so much as these clinical trials have barely extended to the human population and remain at the animal study phase. Second, Plaintiffs

///

---

[2] http://www.ucomparehealthcare.com/drs/california/family_medicine/Green_Christine_family_medicine_physicians.html

Page 3 -   DEFENDANT'S MEMORANDUM OF LAW IN
           OPPOSITION TO PLAINTIFFS' MOTION FOR
           SUMMARY JUDGMENT   L:\18\HINMAN\PLD\mm opp MSJ.wpd

*admit* that there is "conflicting evidence regarding the efficacy of prolonged antibiotic treatment in curing Lyme's disease." (*See* Plaintiffs' Brief, p. 17, fn. 2).

Plaintiffs also argue that Defendant categorically excluded antibiotic treatment past 28 days. (Plaintiffs' Brief, p.17). This is not true. There is no language in the Plan or a company policy which states that antibiotic treatment past 28 days is automatically excluded. Instead, Defendant evaluated the medical evidence on both sides and reached the reasonable conclusion that there was no satisfactory "Proof" as required under the Plan that antibiotic treatment for longer than one month improves the outcome of patients with Lyme disease.

Plaintiffs argue that the claim should have been approved because the treatment worked. Even if true, this does not take the treatment outside of the exclusion for experimental treatments. The flaw in this argument is obvious. In many medical studies, some of the participants are given a placebo. Unaware that they have received the placebo, some believe that the treatment is working or report side-effects. The fact that a patient believes that there is improvement after taking a placebo does not make the placebo an accepted medical treatment for that condition.

The same is true of the treatment that Ms. Hinman received. Perhaps it was a placebo-effect. Perhaps whatever was bothering Ms. Hinman ran its course. Even if the treatment was somehow responsible for any improvement it does not matter. It was still experimental based on the medical studies. Therefore, it was correctly excluded. Moreover, Plaintiffs' argument ignores the fact that the diagnosis of Lyme disease was not established by the testing. Obviously, an individual cannot be "cured" from a disease that one does not have. Nor does the record support her statement that she was "cured" from her

Page 4 -   DEFENDANT'S MEMORANDUM OF LAW IN
           OPPOSITION TO PLAINTIFFS' MOTION FOR
           SUMMARY JUDGMENT    L:\18\HINMAN\PLD\mm opp MSJ.wpd

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
111 SW Fifth Avenue, Suite 2700
Portland, Oregon 97204-3650
Telephone (503) 222-4422 • Facsimile (503) 222-4428

symptoms. Even after the intravenous antibiotic treatments, Ms. Hinman continued to complain of problems. (Declaration of Samuel K. Anderson, Ex. A, p. 60). Plaintiffs cannot have it both ways.

## II. RESPONSE TO PLAINTIFFS' LEGAL ARGUMENTS

Plaintiffs acknowledge that the Plan grants to Defendant discretionary authority and that the deferential abuse of discretion standard applies. Plaintiffs ask the Court to temper this deference based on Defendant's conflict of interest. Other than the inherent conflict that exists because Defendant both decides eligibility and pay benefits, the only "evidence" of a conflict of interest mentioned in Plaintiffs' brief is the fact that John Alden Life markets its insurance products under the name of Assurant Health. Plaintiffs fail to explain how this common industry practice has any relevance to the claim decision, much less how it is evidence of a conflict of interest. Thus, pursuant to *Metropolitan Life Ins. Co., v. Glenn*, 128 S. Ct. 2343 (2008), the conflict of interest is irrelevant to this Court's review.

Plaintiffs seem to ague that Defendant should have accepted the diagnosis and treatment recommendations of Dr. Green because she was the treating physician. However, this is not the law. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003). ERISA plans are not required to defer to the opinion of the treating physician. *Id*. Instead, deference is owed to the decision of the plan fiduciary – John Alden Life.

According to Plaintiffs, Dr. Green devotes her practice solely to treating Lyme disease patients. This is curious because Dr. Green is a Family Practice doctor. As previously mentioned, the Supreme Court of the United States held in *Nord* that plans are not required to follow the opinions of the treating physician. *Nord*, 538 U.S. at 834. As an example, the Court

Page 5 - DEFENDANT'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT    L:\18\HINMAN\PLD\mm opp MSJ.wpd

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
111 SW Fifth Avenue, Suite 2700
Portland, Oregon 97204-3650
Telephone (503) 222-4422 • Facsimile (503) 222-4428

stated that deference to the opinion of the treating physician makes little sense "when a specialist engaged by the plan has expertise the treating physician lacks." *Id*. at 832. Here, John Alden Life relied on the opinion of John L. Brusch, M.D., who is Board Certified in Internal Medicine and Infectious Disease. Clearly, Defendant did not abuse its discretion by favoring the well-reasoned opinion of Dr. Brusch.

Plaintiffs also argue that the Plan's criteria for determining whether treatment is "experimental" is ambiguous. The definition could not be any more thorough and clear. Plaintiffs' argument also ignores the applicable standard of review. Based on the grant of discretion in this case, John Alden Life is empowered to resolve any ambiguities that may exist and the doctrine of *contra proferentem* is inapplicable. *Winters v. Costco Wholesale Corporation*, 49 F.3d 550, 554 (9th Cir. 1995) (The appropriate inquiry "is not into whose interpretation of the plan . . . is most persuasive, but whether the plan administrator's interpretation is unreasonable"); *McDonald v. Pan American World Airways, Inc.*, 859 F.2d 742, 744 (9th Cir. 1988*). See also Jordan v. Northrop Grumman Welfare Benefit Plan,* 370 F.3d 869, 875 (9th Cir. 2004).[3]

While Plaintiffs make general arguments, many of which are legally erroneous, they cannot cite to a single case which is on point and addresses the treatment in this case. As stated in Defendant's Memorandum of Law in Support of its Cross-Motion for Summary Judgment, two courts have addressed the same treatment for the same condition and upheld the insurers' denial of the claims because the treatment is experimental. *Egan v. New York Care Plus Ins.*

---

[3] Plaintiffs also vaguely argue that Oregon law supports the claim. Those state laws are preempted by ERISA. *Bast v. Prudential Ins. Co. of America,* 150 F.3d 1003 (9th Cir. 1998).

Page 6 -   DEFENDANT'S MEMORANDUM OF LAW IN
            OPPOSITION TO PLAINTIFFS' MOTION FOR
            SUMMARY JUDGMENT   L:\18\HINMAN\PLD\mm opp MSJ.wpd

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
111 SW Fifth Avenue, Suite 2700
Portland, Oregon 97204-3650
Telephone (503) 222-4422 • Facsimile (503) 222-4428

*Co.,* 277 A.D.2d 652 (N.Y. 2000); *Risenhoover v. Bayer Corp. Group Health Plan*, 83 F. Supp. 2d 408 (S.D.N.Y. 2000). In *Egan*, the court agreed with the defendant's position that intravenous antibiotic therapy is not "generally accepted therapy" in the treatment of Lyme disease. In *Risenhoover*, the court concluded that the defendant reasonably relied on the opinions of doctors who questioned the diagnosis of Lyme disease and stated that IV antibiotic treatment is not appropriate.

The fact that there may be some contrary evidence in the Record does not make the Plan's decision to deny the claim arbitrary and capricious. *Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005). Defendant's decision must be upheld as long as it is "grounded on *any* reasonable basis." *Jordan*, 370 F.3d at 875 (emphasis in original). Here, two other courts have agreed that IV antibiotic treatment is experimental. One court reached this conclusion under a non-ERISA insurance policy without giving any deference to the insurer. Since other courts have agreed with Defendant's conclusion, how can it be considered unreasonable? Accordingly, John Alden Life's denial of coverage in this case cannot be considered arbitrary and capricious.

///

///

///

///

///

///

///

Page 7 -   DEFENDANT'S MEMORANDUM OF LAW IN
           OPPOSITION TO PLAINTIFFS' MOTION FOR
           SUMMARY JUDGMENT   L:\18\HINMAN\PLD\mm opp MSJ.wpd

## III.   CONCLUSION

For the reasons stated above and in Defendant's Memorandum in Support of its Cross-Motion for Summary Judgment, Defendant did not abuse its discretion when it denied the claim. Therefore, Plaintiffs' motion must be denied and Defendant is entitled to judgment in its favor.

DATED this 8th day of June, 2009.

> **DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
>
> By   /s/ Samuel K. Anderson
>   **SAMUEL K. ANDERSON, OSB # 035060**
>   (503) 222-4422
>   Attorneys for Defendant  John Alden Life Insurance
>   Company dba Assurant Health

Page 8 -   DEFENDANT'S MEMORANDUM OF LAW IN
           OPPOSITION TO  PLAINTIFFS' MOTION FOR
           SUMMARY JUDGMENT   L:\18\HINMAN\PLD\mm opp MSJ.wpd

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
111 SW Fifth Avenue, Suite 2700
Portland, Oregon 97204-3650
Telephone (503) 222-4422 • Facsimile (503) 222-4428